FRONTERA, PLAINTIFF AND APPELLEE, *v.* RODRÍGUEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action for Survey.

No. 2679.—Decided February 5, 1923.

SURVEY—ADJOINING OWNERS—PLEADING.—A complaint in a declaratory action is sufficient when the plaintiff alleges therein that he is the owner of a property adjoining a property of the defendant who refuses to have a survey

made, for which reason he prays that a survey be ordered in conformity with the titles of both owners. And when after these allegations are proved the defendant refuses to produce his title, a judgment ordering a survey in accordance with the plaintiff's title is correct and should be sustained on appeal. Sections 392, 393 and 394 of the Civil Code do not require that in an action for a survey the plaintiff must allege that the boundary lines have become confused or have disappeared, or that the defendant has encroached upon the land of the plaintiff.

The facts are stated in the opinion.

*Mr. A. A. Vázquez* for the appellant.

*Messrs. Benet & Souffront* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Antonio Frontera Rullán brought a declaratory action against Indalecio Rodríguez, alleging that he was the owner of a property of 206.07 acres which is recorded in his name in the registry of property and which, according to his description, is bounded on the north, south and east by lands formerly belonging to Bernard Brothers and now to Indalecio Rodríguez; that the said property is described in the former deeds of conveyance by fixed points and courses, as shown by the certificate of survey transcribed in the complaint, and that the defendant has refused to accede to the plaintiff's demands for a survey of the said property and that of the defendant for the purpose of determining the common dividing line between the two properties. On these allegations he prayed that in accordance with the provisions of sections 392, 393 and 394 of the Civil Code, and after examining the titles of the plaintiff and the defendant, if the latter had one and was willing to produce it, the court order a survey of the properties of the plaintiff and defendant with regard to the said dividing line in order to ascertain the extent and boundaries of the plaintiff's land, and that in case the defendant should offer opposition he be adjudged to pay the costs.

The defendant demurred and answered with a general denial of the allegations of the complaint. At the trial the plaintiff proved that the said property was recorded in his

name in the registry of property, its first record having originated from a *dation en paiement* executed on August 31, 1881, by Bernard Brothers, who being the owners of that and other adjoining properties became the adjoining owners of the former on the north, south and east; that in this deed of *dation en paiement* it was stated that the property measured 206.07 acres according to a survey previously made by a surveyor at the instance of the contracting parties, which is the same as the description given in the complaint; that the adjoining lands of Bernard Brothers now belong to the defendant; that there is a difference in the dividing line between the two properties, and that upon demanding of the defendant a survey the latter required that it should be made in accordance with his title deed.

When the plaintiff rested his case the defendant moved the court to dismiss the complaint because the evidence was insufficient, and this motion having been overruled, he waived the introduction of evidence and judgment was thereupon rendered ordering the fixing of the dividing line in accordance with the said survey.

The defendant appealed from the judgment and alleges in this court that in order that a declaratory action for a survey may be maintained it is necessary to allege and prove that the common boundary lines between the properties of the plaintiff and the defendant are confused or have disappeared and that for this reason the defendant is wrongfully in possession of land belonging to the plaintiff. He further alleges that in the absence of such allegations and proof the court below erred in not sustaining his demurrer that the complaint did not state facts sufficient to constitute a cause of action and in overruling his motion for judgment against the plaintiff because of insufficiency of the evidence, and also that the court exceeded its powers in rendering the judgment.

The three sections of the Civil Code invoked in the

complaint form Chapter III of Title II of Book II of the Code and provide for the fixing of boundaries and placing of landmarks. They read as follows:

"Sec. 392. Every owner has the right to demand the fixing of the boundaries of his property, giving notice thereof to the owners of adjoining tenements.

"The same privilege belongs to those having real rights.

"Sec. 393. The fixing of boundaries shall be in accordance with the titles of each owner, and, in default of sufficient titles, from what may appear from the possession held by the contiguous owners.

"Sec. 394. When the titles do not specify the boundary or area belonging to each owner and the question can not be determined by possession or by other means of proof, the part of the land remaining in excess after the fixing of the boundaries shall belong to the People of Porto Rico."

According to these statutes an owner has a right to survey and set the landmarks of his property on condition that notice be given to the owners of the adjoining properties and that the survey be made in conformity with the titles of both owners, and, in default of sufficient titles, in accordance with the possession held by the contiguous owners. They do not require that in order that the owner may be entitled to the survey the boundary lines should have become confused or have disappeared, or that the defendant be wrongfully holding a part of the land; therefore, we do not consider that these allegations are necessary or should be proved, inasmuch as it is not a prerequisite to the maintenance of the action. For this reason we are of the opinion that an owner is entitled to a survey at any time and even though another survey may have been made, as it might occur that the said owner should desire to ascertain whether or not the former survey is accurate, although this is not often the case, for the reason generally is that there is a confusion of the boundary lines which permits of trespass or usurpation between the adjoining owners.

As held by this court in the case of *León* v. *León*, 26 P.

R. R. 540, that right is asserted in the form of an *ex parte* proceeding in accordance with the Law of Civil Procedure in force prior to the present Code of Civil Procedure, while none of the adjoining owners oppose the survey, for as against any one who offered opposition it was necessary to bring a declaratory action according to the provisions of section 2069 of the said Law of Civil Procedure. For this reason it is sufficient to allege, as was done here, that the defendant does not agree to the survey in order that the complaint may state facts sufficient to constitute a cause of action, and on proof that he desired the survey to be made according to his title, contrary to the provision that it shall be made in conformity with the titles of both owners.

Although in this case it was alleged that the plaintiff's property had been surveyed, it was sought to have a survey made in conformity with the titles of both plaintiff and defendant; but inasmuch as the latter did not produce his title, the court below was compelled to order a survey in accordance with the title produced by the plaintiff in order to enforce his lawful right as owner to a survey of his property.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.